IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

JUSTIN RENARD BARRON,          :
                                             :
      Petitioner,               :
                                             :
                                             :
VS.                                       :       **28 U.S.C. § 2255 Case No.**
                                             :       7 : 13-CV-90171 (HL)
                                             :
UNITED STATES OF AMERICA,      :       **Criminal Case No.**
                                             :       7 : 10-CR-24  (HL)
                                             :
                                             :
      Respondent.             :
_____

## RECOMMENDATION

Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C.

§ 2255, filed on May 28, 2013 (Doc. 91), is before this Court for the issuance of a

recommendation of disposition pursuant to Rule 8 of the Rules Governing Section 2255

Proceedings for the United States District Courts.

### Procedural History

By means of a second superseding indictment, the Petitioner was charged in this Court

on August 10, 2011, with two counts of possession with the intent to distribute a Schedule II

controlled substance, to wit, crack cocaine, and one count of possession with the intent to

distribute a Schedule II controlled substance, to wit, cocaine.  (Doc. 45).  Petitioner entered a

guilty plea to Count Two of the superseding indictment on October 5, 2011.  (Doc. 57).

Petitioner was sentenced to a term of imprisonment of 135 months on February 27, 2012.

(Docs. 73, 76).

In his § 2255 motion, Petitioner raises four grounds for relief, as follows:

> 1) the district court impermissibly participated in the plea process
> by encouraging Petitioner to plead guilty;
>
> 2) Petitioner's guilty plea was not knowing and voluntary, in that
> the prosecution misstated the statutory penalties Petitioner faced
> during the plea process;
>
> 3 ) the government breached the plea agreement by
> misrepresenting Petitioner's ability to appeal his sentence and by
> advocating for a greater base offense level than that stipulated to
> by the parties; and
>
> 4)  ineffective assistance of counsel, in that counsel failed to
> move to withdraw the guilty plea or request specific performance
> of the plea agreement after the government sought a sentence
> enhancement above the stipulated offense level.

(Doc. 91).[1]

---

[1] Although the Respondent provides a recitation of Petitioner's claims, it appears Respondent is in part reciting Petitioner's claims argued on appeal of his sentence to the Eleventh Circuit.  The Court sets out the grounds herein as Petitioner has presented them in his § 2255 motion.

**Legal Standards**

Section 2255 provides that:

> a prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

If a prisoner's 2255 claim is found to be valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id.*

**Evidentiary Hearing**

The Petitioner bears the burden of establishing that an evidentiary hearing is needed to dispose of his § 2255 motion. *Birt v. Montgomery*, 725 F.2d 587, 591 (11th Cir. 1984). "A federal habeas corpus petitioner is entitled to an evidentiary hearing if he alleges facts which, if proven, would entitle him to relief." *Futch v. Dugger*, 874 F.2d 1483,1485 (11th Cir. 1989). The Court is not required to hold an evidentiary hearing, however, where the record makes "manifest the lack of merit of a Section 2255 claim." *United States v. Lagrone*, 727 F.2d 1037, 1038 (11th Cir. 1984). "[If] the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schirro v. Landrigan*, 550 U.S. 465, 474 (2007). The record herein is sufficient to

evidence that Plaintiff's claims lack merit, and therefore no evidentiary hearing is necessary.

### *Procedurally defaulted grounds*

The Respondent contends that the grounds for relief raised in this § 2255 motion are procedurally defaulted. Specifically, the Respondent points to the following grounds and maintains that they are procedurally defaulted: the government breached the plea agreement; the district court impermissibly participated in the plea process; Petitioner was misinformed as to the penalties applicable to his case; and ineffective assistance of counsel, in that counsel failed to move to withdraw the guilty plea after the government sought a sentence enhancement above the stipulated offense level.

Under the rule of procedural default, "a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004). A petitioner can avoid a procedural bar by establishing one of two exceptions to the procedural default rule. "Under the first exception, a defendant must show cause for not raising the claim of error on direct appeal *and* actual prejudice from the alleged error. Under the second exception, a court may allow a defendant to proceed with a § 2255 motion despite his failure to show cause . . . if a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id.* (internal citations omitted).

To show cause for procedural default, the Petitioner "must show that some objective factor external to the defense prevented [Petitioner] or his counsel from raising

his claims on direct appeal and that this factor cannot be fairly attributable to [the Petitioner's] own conduct." *Lynn*, 365 F.3d at 1235.   The Petitioner did not raise the grounds presented in this § 2255 Motion on direct appeal.  "Aside from the appeal waiver, nothing precluded [the Petitioner] from raising on direct appeal his challenge[s] to the [conviction]".  *United States v. Morton*, 2010 WL 1223893 at *4 (M.D.Fla. March 24, 2010).

Petitioner's waiver of the right to challenge his sentence on direct appeal pursuant to the appeal waiver provision of the plea agreement is not cause for excusing Petitioner's procedural default.  *Garcia–Santos v. United States,* 273 F.3d 506, 508 (2d Cir.2001).  To show cause for procedural default, the Petitioner "must show that some objective factor external to the defense prevented [Petitioner] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [the Petitioner's] own conduct." *Lynn*, 365 F.3d at 1235.

As in *Lynn*, wherein the movant's escape from custody prevented him from raising his claims on appeal, the Petitioner's own actions herein in agreeing to an appeal waiver prevented him from raising his sentencing claims on appeal.  *Id.* at 1236-37.  "[B]ecause [Petitioner] chose to waive his appellate rights, he cannot establish that a factor external to the defense and not attributable to his own conduct precluded his obtaining appellate review, and he therefore is unable to establish adequate 'cause' to excuse his procedural default." *Ware v. United States*, 2009 WL 2567023 at *8 (S.D.Fla. May 14, 2009); *see also United States v. Reed*, 2010 WL 1250679 at *3 (S.D.Ala. March 25, 2010) ("The only factor that arguably could have prevented the defendant from raising his claim on direct appeal was his own direct appeal waiver.  Since this waiver was attributable to his own conduct, this factor does not establish adequate 'cause' to excuse his procedural default."); *United States v. Pipitone*, 67 F.3d 34, 39 (2d Cir. 1995); *United States v. Smith*, 113 F.Supp.2d 879, 898

(E.D.Va. 1999) ("the plea agreement does not bar application of the procedural default rule"; appeal waiver is not sufficient cause to overcome default).

> Courts have long and consistently affirmed that a collateral challenge, such as a § 2255 motion, may not be a surrogate for a direct appeal. Because collateral review is not a substitute for a direct appeal, the general rules have developed that: (1) a defendant must assert all available claims on direct appeal; and (2) relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.

*Lynn*, 365 F.3d at1232 (internal citations omitted).

Petitioner has not established cause or prejudice for failing to raise his claims on direct appeal, and Petitioner does not maintain his actual innocence as a basis to establish a "complete miscarriage of justice" if his claims are not addressed herein. "[F]or purposes of the [miscarriage of justice or] actual innocence exception, 'actual innocence' means factual innocence, not mere legal insufficiency." *McKay v. United States*, 657 F.3d 1190, 1197 (11th Cir. 2011) (internal citations omitted). Petitioner has not established his factual innocence of any of the crimes for which he stands convicted.

Therefore, Petitioner is procedurally barred from raising Grounds 1, 2, and 3 in his § 2255 Motion, and he has failed to establish either cause and prejudice, or actual innocence to overcome the procedural bar.[2]

Moreover, in *Tollett v. Henderson*, 411 U.S. 258 (1973) , the Supreme Court reaffirmed

---

[2] The Court will address Petitioner's ineffective assistance of counsel claim on its merits, as ineffective assistance claims may be brought in a § 2255 proceeding, regardless of whether or not the Petitioner could h ave raised the claim on appeal. *Massaro v. U.S.*, 538 U.S. 500 (2003).

that "a guilty plea represents a break in the chain of events which has preceded it in the criminal process.  When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.  He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the [appropriate] standards".  *Id.* at 267.  *See also United States v.  Broce*, 488 U.S. 563 (1989) ("a plea of guilty and the ensuing conviction comprehend all of the factual and legal elements to sustain a binding, final judgment of guilty and a lawful sentence.").

### Ineffective assistance of counsel

In Ground 4 of this § 2255 Motion, the Petitioner asserts that he received ineffective assistance of counsel when counsel failed to move to withdraw Petitioner's guilty plea or request specific performance of the plea agreement, following the government advocating for an enhancement above the stipulated level.  In order to establish that his counsel's representation was constitutionally defective, the Petitioner must show (1) that his counsel's representation was deficient, and (2) that the Petitioner was prejudiced by his counsel's alleged deficient performance.  *Strickland v. Washington*, 466 U.S. 668 (1984); *Smith v. Wainwright*, 777 F.2d 609, 615 (11th Cir. 1985).

"Our role in collaterally reviewing [] judicial proceedings is not to point out counsel's errors, but only to determine whether counsel's performance in a given proceeding was so beneath prevailing professional norms that the attorney was not performing as 'counsel'

guaranteed by the sixth amendment." *Bertolotti v. Dugger*, 883 F.2d 1503, 1510 (11th Cir.

1989).  The two-prong *Strickland* test applies to guilty plea challenges, although "[i]n the

context of a guilty plea, the first prong of *Strickland* requires petitioner to show his plea was

not voluntary because he received advice from counsel that was not within the range of

competence demanded of attorneys in criminal cases, while the second prong requires

petitioner to show a reasonable probability that, but for counsel's errors, he would have

entered a different plea." *Woolsey v.  United States*, 2011 WL 195412, *2 (M.D.Fla.)(citing

*Hill v. Lockhart*, 474 U.S. 52, 56-59 (1985)).  Thus, the prejudice requirement "focuses on

whether counsel's constitutionally ineffective performance affected the outcome of the plea

process.  In other words, in order to satisfy the 'prejudice' requirement, the defendant must

show that there is a reasonable probability that, but for counsel's errors, he would not have

pleaded guilty and would have insisted on going to trial." *Hill,* 474 U.S. at 59.

 The *Strickland* court stated that "[a] court need not determine whether counsel's

performance was deficient before examining the prejudice suffered by the defendant as a

result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on

the ground of lack of sufficient prejudice, . . . that course should be followed." *Strickland*,

466 U.S. at 697.

> [A]ctual ineffectiveness claims alleging a deficiency in attorney
> performance are subject to a general requirement that the
> defendant affirmatively prove prejudice.  . . . It is not enough for
> the defendant to show that the errors had some conceivable effect
> on the outcome of the proceeding  . . [rather][t]he defendant must
> show that there is a reasonable probability that, but for counsel's
> unprofessional errors, the result of the proceeding would have

been different.  A reasonable probability is a probability sufficient
to undermine confidence in the outcome. . . . In making the
determination whether the specified errors resulted in the required
prejudice, a court should presume, absent challenge to the
judgment on grounds of evidentiary insufficiency, that the judge
or jury acted according to law.

*Strickland*, 466 U.S. at 693-694.

In evaluating whether Petitioner has established a reasonable probability that the outcome

would have been different absent counsel's alleged errors, a court "must consider the totality

of the evidence before the judge or jury." *Brownlee v. Haley*, 306 F.3d 1043, 1060 (11th Cir.

2002).

"As to counsel's performance, 'the Federal Constitution imposes one general

requirement:  that counsel make objectively reasonable choices.'" *Reed v. Sec'y. Fla. Dep't.*

*of Corr.*, 593 F.3d 1217, 1240 (11th Cir.  2010)(quoting *Bobby v.Van Hook*, 130 S.Ct. 13, 17

(2009)).  A court must "judge the reasonableness of counsel's conduct on the facts of the

particular case, viewed as of the time of counsel's conduct." *Roe v.  Flores-Ortega*, 528 U.S.

470, 477 (2000).  In order to find that counsel's performance was objectively unreasonable,

the performance must be such that no competent counsel would have taken the action at

issue.  *Hall v.  Thomas*, 611 F.3d 1259, 1290 (11th Cir.  2010).

In regard to a guilty plea, the Constitution requires "that the defendant enter a guilty

plea that is 'voluntary' and that the defendant must make related waivers 'knowing[ly],

intelligent[ly], [and] with sufficient awareness of the relevant circumstances and likely

consequences.'" *U.S. v.  Ruiz*, 536 U.S. 622, 629 (2002) (citing *Brady v. United States*, 397

U.S. 742, 748 (1970)).  A court accepting a guilty plea must ensure that a defendant "enters his guilty plea free from coercion, understands the nature of the charges, and understands the consequences of his plea."  *U.S. v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir.  2005)(internal enumeration omitted).  The Supreme Court has determined that "the representations of the defendant [at a plea proceeding] as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings.  Solemn declarations in open court carry a strong presumption of verity."  *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).

The record herein refutes the Petitioner's contentions that counsel failed to object to the enhancement sought by the government.   The record reveals that counsel formally objected to the Final Presentence Report, specifically arguing against the enhancement of the Petitioner's base offense level and asserting that the government had breached the plea agreement in this regard.  (Doc. 70-1).  Counsel also filed a Motion for Correction of Sentence following the sentencing and prior to the entry of judgment.  (Doc. 75).  Thus, contrary to Petitioner's assertion in Ground Four of this Petition, his counsel did raise and the Court considered objections to the enhancement of Petitioner's base offense level and his sentencing.

Petitioner also asserts that counsel failed to file a motion to withdraw the guilty plea when he requested counsel to do so, after it became clear that the government was seeking an enhancement.  Initially, the Court notes that "[t]here is no absolute right to withdraw a guilty plea."  *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994).

Once a court accepts a defendant's plea, Fed.R.Crim.P. 11(d)(2) permits a defendant to withdraw a non-binding plea before sentencing only if the defendant shows a fair and just reason for requesting the withdrawal.  A "fair and just" reason requires the court to consider these factors: (1) whether the defendant had close assistance of counsel for the plea; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea. *United States v. Brehm,* 442 F.3d 1291, 1298 (11th Cir.2006). If the first two factors weigh against the defendant, a court need not "give particular attention" or weight to the last two. *United States v. Gonzalez–Mercado,* 808 F.2d 796, 801 (11th Cir.1987).

*Forbes v. U.S.*, 2013 WL 4046330 (N.D.Ga. 2013).

During the plea colloquoy, the Court inquired of the Petitioner as follows:

THE COURT:  You're represented by Mr. John G. Edwards of Valdosta, are you not?

THE DEFENDANT:  Yes sir.

THE COURT:  And you had sufficient time to talk with Mr. Edwards and to consult with him about the case?

THE DEFENDANT:  Yes, sir.

THE COURT:  Has he done for you as your lawyer all that you want him to do?

THE DEFENDANT:  Yes, sir.

THE COURT:  Are you satisfied with his services?

THE DEFENDANT:  Yes, sir.

THE COURT:  Have you and Mr. Edwards discussed the facts of the case?

THE DEFENDANT:  Yes, sir.

THE COURT:  Have you discussed the range of penalty?

11

THE DEFENDANT:  Yes, sir.

THE COURT:  Have you and he considered any defenses which you may have to this charge?

THE DEFENDANT:  Yes, sir.

THE COURT:  And has he talked to you about your constitutional rights?

THE DEFENDANT:  Yes, sir.

THE COURT:  Mr. Edwards, have you had sufficient time to consult with your client?

MR. EDWARDS:  Yes, Your Honor.

THE COURT:  Have you and he discussed the facts of the case?

MR. EDWARDS:  We have.

THE COURT:  Range of penalty?

MR. EDWARDS:  Yes.

THE COURT:  Any defenses?

MR. EDWARDS:  Yes, sir.

THE COURT:  Have you advised him of all of his constitutional rights?

MR. EDWARDS:  I have, Your Honor.

(Doc. 88, pp. 12-13).

The Court then explained the Petitioner's rights should he elect to have a jury trial, and proceeded to inquire as to the guilty plea.  *Id.* at pp. 14-16.

THE COURT:  If you plead guilty, will you do so freely and voluntarily?

THE DEFENDANT:  Yes, sir.

THE COURT:  Has anyone threatened you or frightened you or done anything else in an attempt to force you to plead guilty?

THE DEFENDANT:  No, sir.

*Id.* at p. 16.

The Court established the factual basis for the plea, and Defendant admitted that it truly described his conduct.  *Id.* at p. 21.  The Court then explained the plea agreement process to the Petitioner, and ensured that he understood the plea and had discussed it with his attorney. *Id.* at pp. 21-23.

Given this lengthy plea colloquoy in which the Court was assured by both the Petitioner and his counsel that Petitioner had received meaningful assistance of counsel throughout the plea process and that his plea was knowing and voluntary, counsel's failure to file a motion to withdraw the plea did not fall below the standard for effective assistance of counsel.  *Forbes*, 2013 WL 4046330 *16 (court could not find ineffective assistance of counsel for failure to file motion to withdraw in light of sworn representations in plea colloquoy).  There is nothing in the record to support the contention that a motion to withdraw would have been successful, or that Petitioner was prejudiced by counsel's failure to file such a motion, especially considering the Court's prior consideration and rejection of the purported basis for such a motion in Petitioner's objections to the Final Presentence Report.

## Conclusion

The Petitioner has failed to overcome the procedural default of Grounds 1, 2, and 3,

and has failed to establish counsel's ineffective assistance in Ground 4.  WHEREFORE, it is recommended that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 be **DENIED**.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

The undersigned finds no substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  Therefore, it is recommended that the Court deny a certificate of appealability in its Final Order.  If the Petitioner files an objection to this Recommendation, he may include therein any arguments he wishes to make regarding a certificate of appealability.

**SO RECOMMENDED**, this 28th day of February, 2014.

s/   ***THOMAS Q. LANGSTAFF***
UNITED STATES MAGISTRATE JUDGE

asb