# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

JUSTIN RENARD BARRON,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

7:13-CV-90171 (HL)

28 U.S.C. § 2255

7:10-CR-24 (HL)

## ORDER

Before the Court is the Recommendation of the United States Magistrate Judge (Doc. 96) that Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence be denied. Petitioner Justin Barron ("Petitioner") has filed an Objection (Doc. 97) to the Recommendation. After undertaking a *de novo* review of the Recommendation, the Court accepts and adopts it in full.

In his § 2255 motion, Petitioner raised four grounds for vacating his sentence. First, Petitioner argues the district court became impermissibly involved in the plea process by encouraging him to plead guilty. Second, he denies that his plea was knowing and voluntary because the prosecution misstated the statutory penalties he faced. Third, he insists the government breached the plea agreement by misrepresenting his ability to appeal the sentence and by seeking a greater base offense level than had been agreed to

by the parties. Fourth, he raises an ineffective assistance of counsel claim based on his attorney's alleged failure to withdraw the plea agreement or to seek its specific enforcement after the government sought an enhancement above the stipulated offense level. (Doc. 91).

The first three grounds may be jointly considered. Because Petitioner did not raise these grounds in a direct appeal of his sentence, he is procedurally defaulted from raising them here. Lynn v. United States, 365 F.3d 1225, 1234 (11th Cir. 2004) (noting that "a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding"). The fact that Petitioner failed to appeal on these issues because he had waived his right to appeal in his plea agreement does not constitute sufficient cause to suspend the procedural default rule. *See* Ware v. United States, No. 04-0227, 2010 WL 1250679, at *3 (S.D.Ala. Mar. 25, 2010); United States v. Morton, Nos. 806-cr-512-T-23, 809-cv-985-T-23, 2010 WL 1223893, at *4 (M.D.Fla. Mar. 24, 2010). The second exception to the procedural default rule is also unavailing to Petitioner since he has not offered any proof of actual innocence. McKay v. United States, 657 F.3d 1190, 1196 (11th Cir. 2011).

While Petitioner's ineffective assistance of counsel claim is not precluded by the procedural default rule, it still does not provide grounds for granting his § 2255 petition. Establishing a viable ineffective assistance of counsel claim

requires Petitioner to show both that his attorney's performance was deficient and that he suffered actual prejudice as a result. See Smith v. Wainwright, 777 F.2d 609, 616 (11th Cir. 1985). There is no evidence the representation provided by Petitioner's counsel was below professional norms. The attorney objected to the presentence report, arguing the enhancement of the base offense level breached the plea agreement, and filed a motion to reduce Petitioner's sentence. (Docs. 68, 75). Obviously the attorney could not control whether the district court agreed with his arguments.

After careful consideration pursuant to 28 U.S.C. § 636(b)(1), the Court accepts and adopts the findings, conclusions, and recommendations of the United States Magistrate Judge. Petitioner's § 2255 motion is denied, and all pending motions are moot.

The Court finds that Petitioner has failed to make a substantial showing that he has been denied a constitutional right, and a certificate of appealability is therefore denied. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

**SO ORDERED,** this 26th day of March, 2014.

*s/ Hugh Lawson*_____
HUGH LAWSON, SENIOR JUDGE

scr